# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1257

CAF 13-00988

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF DELIA S., JESUS S. AND
SKYLETT A.

-----------------------------------------   MEMORANDUM AND ORDER

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

DESIREE S., RESPONDENT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

SHARON ANSCOMBE OSGOOD, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered May 13, 2013 in a proceeding pursuant to Social
Services Law § 384-b. The order terminated respondent's parental
rights with respect to the subject children.

It is hereby ORDERED that said appeal insofar as it concerns
respondent's older child is unanimously dismissed and the order is
affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating
her parental rights with respect to the subject children on the ground
of mental illness. We dismiss as moot the appeal from the order
insofar as it concerns the mother's older child because she has
attained the age of majority (*see Matter of Anthony M.*, 56 AD3d 1124,
1124, *lv denied* 12 NY3d 702). Contrary to the mother's contention,
petitioner met its burden of demonstrating by clear and convincing
evidence that the mother is "presently and for the foreseeable future
unable, by reason of mental illness . . . , to provide proper and
adequate care for" the remaining subject children (Social Services Law
§ 384-b [4] [c]; *see* § 384-b [6] [a]; *Matter of Christopher B., Jr.
[Christopher B., Sr.]*, 104 AD3d 1188, 1188). The testimony of
petitioner's witnesses, including a psychologist, "established that
the [mother] was so disturbed in [her] behavior, feeling, thinking and
judgment that, if the [remaining subject children] were returned to
[her] custody, [they] would be in danger of becoming" neglected

children (*Christopher B., Jr.*, 104 AD3d at 1188; *see* § 384-b [6] [a]).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court